Opinion filed May 24, 2007

















 
 
  
 
 







 
 
  
 
 




Opinion filed May 24, 2007

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-06-00288-CR 

                                                    __________

 

                             DENNIS
FLOYD MARROQUIN, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS,
Appellee

 



 

                                        On
Appeal from the 132nd District Court

 

                                                          Scurry
 County, Texas

 

                                                     Trial
Court Cause No. 8958

 



 

                                                                   O
P I N I O N

The jury
convicted Dennis Floyd Marroquin of the offense of failure to register as a sex
offender and assessed his punishment at confinement for six and one-half
years.  We affirm.

Appellant=s
court-appointed counsel has filed a motion to withdraw.  The motion is supported by a brief in which
counsel professionally and conscientiously examines the record and applicable
law and states that he has concluded that the appeal is frivolous.  Counsel has briefed one potential point of
error.








In the sole potential point, counsel questions the
legal and factual sufficiency of the evidence to support the conviction.  Specifically, counsel raises the variance
between the allegations in the indictment and the proof at trial.  The indictment alleged that appellant as a convicted
sex offender failed to notify Stephen W. Warren on or about December 25, 2004,
of his new address.  At trial, Lisa Tate
testified that she was the sex offender registration coordinator for Scurry County,
that Warren had been the coordinator before her,
and that Warren
had appointed her the coordinator in 1999. 
Tate also testified that appellant signed a  pre-release notification form for sex
offenders in her presence in 2003 and that he failed to notify her in December
2004 of his new address.  As counsel
notes, this variance is not a fatal variance, was not material, and did not
prejudice appellant=s
substantial rights.  Gollihar v. State,
46 S.W.3d 243 (Tex.
Crim. App. 2001).  The evidence is both
legally and factually sufficient.  Jackson
v. Virginia, 443 U.S. 307 (1979); Watson v. State, 204 S.W.3d 404,
414 (Tex. Crim. App. 2006) (overruling in part Zuniga v. State, 144
S.W.3d 477 (Tex. Crim. App. 2004)); Johnson v. State, 23 S.W.3d 1, 10-11
(Tex. Crim. App. 2000);  Jackson
v. State, 17 S.W.3d 664 (Tex. Crim. App. 2000); Cain v. State, 958
S.W.2d 404, 407-08 (Tex. Crim. App. 1997); Clewis v. State, 922 S.W.2d
126, 129 (Tex. Crim. App. 1996).  The
potential point is overruled.

Counsel has provided appellant with a copy of the
brief and advised appellant of his right to review the record and file a
response to counsel=s
brief.  A response has not been filed.
Counsel has provided appellant with a copy of the brief and advised appellant
of his right to review the record and file a response to counsel=s brief.  A response has not been filed.  Court-appointed counsel has complied with the
requirements of Anders v. California, 386 U.S. 738 (1967); Stafford
v. State, 813 S.W.2d 503 (Tex. Crim. App. 1991); High v. State, 573
S.W.2d 807 (Tex. Crim. App. 1978); Currie v. State, 516 S.W.2d 684 (Tex.
Crim. App. 1974); Gainous v. State, 436 S.W.2d 137 (Tex. Crim. App.
1969); Eaden v. State, 161 S.W.3d 173 (Tex. App.CEastland
2005, no pet.).








Following the procedures outlined in Anders,
we have independently reviewed the record, and we agree that the appeal is
without merit.  We note that counsel has
the responsibility to advise appellant that he may file a petition for
discretionary review by the Texas Court of Criminal Appeals.  Ex parte Owens, 206 S.W.3d 670 (Tex.
Crim. App. 2006).  Likewise, this court
advises appellant that he may file a petition for discretionary review pursuant
to Tex. R. App. P. 66.  Black v. State, No.
11-06-00273-CR,  2007 WL 431005 (Tex. App.CEastland Feb. 8, 2007, no pet.). 

The motion to withdraw is granted, and the
judgment is affirmed.

 

 

PER CURIAM

 

May 24, 2007

Do not publish.  See
Tex. R. App. P. 47.2(b).

Panel
consists of:  Wright, C.J.,

McCall,
J., and Strange, J.